UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-60601-CV-ALTMAN
MAGISTRATE JUDGE REID

VINCENT KEITH ROZIER,

    Plaintiff,

v.

LT. SHAWN ENSER, *et al.,*

    Defendants.
_____/

**REPORT OF MAGISTRATE JUDGE
RE DISMISSAL NON-COMPLIANCE WITH COURT ORDERS**

**I. Introduction and Relevant Procedural Background**

Plaintiff, **Vincent Keith Rozier,** has filed a *pro se* letter, opened by the Clerk of Court, as a civil rights complaint, pursuant to 42 U.S.C. § 1983. (DE#1). Plaintiff indicated his intent to sue numerous Broward Sheriff's Office employees arising from a claim that they failed to keep the Plaintiff safe from harm, relating to an incident involving a "deadly projectile." (DE#1:1).

This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-2.

On March 8, 2019, an order was entered requiring the Plaintiff to file an amended complaint on the court-approved civil rights form, because his current filing was not on the proper form, did not contain a prayer for relief, did not provide any facts surrounding the incident complained of, nor how the named Defendants were involved in the purported violation of Plaintiff's constitutional rights. (DE#5). The amended complaint was due to be filed by the Plaintiff on or before April 8, 2019. (*Id.*). The Plaintiff has not filed the amended complaint, as ordered.

Since the Plaintiff had neither paid the Clerk's filing fee nor moved for pauper status, a second order was entered that same day requiring Plaintiff to either pay the Clerk's $400 filing fee or file an application to proceed *in forma pauperis*. (DE#6). On March 22, 2019, the Clerk docketed Plaintiff's motion to proceed *in forma pauperis,* which was granted by court order entered on March 25, 2019. (DE#7). The Plaintiff, however, was instructed that an initial payment of $62.00 was due on or before April 22, 2019. (*Id.*). To date, the Plaintiff has not submitted the required filing fee, as ordered.

For the following reasons, this action should be dismissed without prejudice due to Plaintiff's failure to comply with court orders or for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

## II. Discussion

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO*, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). *Id.*

As previously stated, Plaintiff has failed to comply with this court's orders regarding the filing of an amended complaint, and the first installment payment on the Clerk's filing fee. He has filed nothing with this court since the receipt by the Clerk of the motion to proceed *in forma pauperis* on March 22, 2019

Based on the foregoing, it is apparent that the Plaintiff has failed to monitor and diligently pursue his own case. Under the circumstances, pursuant to Rule 41(b), this case should be dismissed for Plaintiff's failure to comply with this Court's orders and for want of prosecution. *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order generally is not an abuse of discretion.").

### III. Conclusion

Based on the foregoing, it is recommended that:

1. This civil action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution or for failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b); and,

2. The case CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 6th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Vincent Keith Rozier, *Pro Se*
      Inmate #381801488
      Paul Rein Detention Facility
      Inmate Mail/Parcels
      2421 N.W. 16th Street
      Pompano Beach, FL  33069